# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VINCENT AWULONU, )
)
         Plaintiff, )
)
v. )   Case No. 04-1263-WEB-DWB
)
UNIFIED SCHOOL DISTRICT )
No. 261, et al., )
)
         Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Compel Plaintiff to Respond to Defendants' Request for Production (Doc. 50), claiming that Defendant failed to respond at all to their First Request for Production of Documents. Ten days after a response was due, Defendants filed a response (Doc. 54), claiming that he construed a subsequent subpoena duces tecum issued to Plaintiff to supercede the previous request for production and the documents requested therein were produced. Also before the Court is Defendants' Motion to Compel Plaintiff to Answer Deposition Questions (Doc. 53), seeking written answers to questions Plaintiff refused to answer at his deposition. Plaintiff did not file a response.

## BACKGROUND

Plaintiff, a man of African descent, sued his former employer, Unified

School District No. 261 and several of his former supervisors (collectively "USD 261"), alleging that he was discriminated against on the basis of race and retaliated against for filing complaints with the EEOC and KHRC in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1986.  (Doc. 1.)  Plaintiff also filed a state law claim for intentional infliction of emotional distress.

Plaintiff originally filed his suit *pro se*.  Soon after the original filing, Defendants moved to have discovery stayed pending the disposition of a summary judgment motion that Defendants intended to file.  Plaintiff failed to respond, and the motion was granted.  Defendants filed their summary judgment motion on January 10, 2005.

On February 1, 2002, the eve of the deadline for Plaintiff's response, Vincent M. Ekeh of San Diego, California, who is properly admitted to practice in Kansas, entered his appearance on behalf of Plaintiff and filed a motion for extension of time to respond to the summary judgment motion.  The deadline was extended to February 28, 2005.  Ekeh filed a timely response which included a Rule 56(f) request for additional discovery relating to the summary judgment motion.  Then, on March 1, 2005, Plaintiff, apparently acting *pro se*, filed a 14 page affidavit containing a detailed recitation of the facts.  On March 17, 2005, Ekeh filed a motion seeking a continuation of the ruling on the summary judgment

motion and seeking to reopen discovery. The District Court granted in part the motion for summary judgment, dismissing some claims against the individual Defendants, and took the remainder under advisement until additional discovery was completed.

On April 13, 2005, Defendants mailed to Plaintiff their First Request for Production of Documents, seeking substantial documents regarding Plaintiff's employment with USD 261 and tax returns for the last five years. On the same day, Defendants also mailed to Plaintiff their First Request for Admissions and First Interrogatories. The next day, the parties participated in a telephone conference with the Court, in which the depositions of the parties were set for the week of June 13, 2005. Between April 25, 2005 and May 19, 2005, the parties discussed a protective order, temporally limiting the disclosures, among other things. Allowing for mailing time, Defendants expected a response to their First Request for Production by May 19, 2005. On May 19, Defendants issued a subpoena duces tecum, ordering Plaintiff to bring substantially the same documents requested in the First Request for Production to his deposition.

After additional conferral by the parties, Plaintiff responded to Defendants' First Requests for Admission and First Interrogatories on June 5, 2005, well past the due date for that discovery. Such responses did not include responses to

Defendants' First Request for Production. Plaintiff appeared for his deposition on June 13, 2005 with some responsive documents, but without any responses or objections to the First Request for Production. Defendants note that, at a minimum, the disclosure did not contain all of the requested tax returns.

At Plaintiff's deposition, Defendants' counsel asked Plaintiff about his employment as a teacher before he worked for USD 261. In each case, Plaintiff said that he "resigned" from the job. Defendants' counsel then asked Plaintiff, for each instance of resignation, whether he was asked to resign, *i.e.,* fired. Plaintiff refused to answer, repeating "I resigned." Plaintiff's attorney remained mute, failing to either object or explain to his client that he was obligated to answer.

On June 17, 2005, Defendants filed their motion to compel a response to their First Request for Production by Plaintiff. Plaintiff responded that (1) Plaintiff's counsel construed the May 19 subpoena duces tecum to supercede the First Request for Production, (2) all responsive documents in the possession of Plaintiff were produced, and (3) the parties agreed that Plaintiff would produce the remaining tax returns upon Plaintiff's request and receipt of such records from the IRS.

On July 1, 2005, Defendants filed their motion to compel answers to the deposition questions. Defendant has not filed a response, timely or otherwise, to

4

date.

## DISCUSSION

I.   **REQUEST FOR PRODUCTION OF DOCUMENTS**

   A.   <u>TIMELINESS</u>

Though the argument was not raised by Plaintiff, the Court notes that Defendants are apparently beyond their Thirty-day time period to file an objection to a discovery response under D. Kan. Rule 37.1. However, Plaintiff has argued that good cause for the delay has been shown or, alternatively, that Plaintiff has waived his right to object. Plaintiff does not respond to either assertion.

Kan. Rule 37.1(b) provides that

> [a]ny motion to compel discovery . . . shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing such motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived.

The Court has discretion in determining whether good cause has been shown to extend the deadline established in Rule 37.1. *See* ***Claytor v. Computer Assocs. Int'l, Inc.***, 211 F.R.D. 665, 666-667 (D. Kan. 2003) (holding that a district court will review a magistrates decisions on non-dispositive pretrial matters under a clearly erroneous standard). Other courts in this district have found good cause for extending the Rule 37.1 deadline where the requesting party has been diligent in

resolving the dispute and failed to file a motion to compel in good faith reliance on opposing counsel's assurances that the information would be disclosed. *See* ***Allianz Ins. Co. v. Surface Specialities, Inc.***, Case No. 03-2470, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (holding that "the conduct and statements of Plaintiff's counsel during the relevant thirty-day time period, defense counsel's good faith reliance upon same, and the exhaustive efforts made by defense counsel to resolve the dispute between the parties all establish good cause for its sixteen-day delay in filing its motion to compel").

The Court finds that good cause exists in this case. Defendants' counsel was apparently in frequent contact with Plaintiff's counsel regarding this matter. Defendants' counsel reasonably believed that Plaintiff would provide a response after the entry of a protective order, which was apparently delayed by Defendants' counsel's inability to readily contact Plaintiff's counsel. Furthermore, Plaintiff's did belatedly respond to Defendants' First Request for Admission and First Interrogatories, which were served with Defendants' First Request for Production. With no counter-argument by Plaintiff, the Court finds that Defendants' have shown good cause to extend the deadline. Defendants' motion is timely.

### B. <u>SUPERCEDING DISCOVERY</u>

The Court rejects Plaintiff's argument that the First Request for Production was superceded by the subsequent subpoena duces tecum. The Court is not aware of any rule or practice in the law of superceding discovery requests. The parties can, of course, agree to extend a deadline for responding to discovery, but that is clearly not what happened in this case. Plaintiff does not even allege that Defendants intended to extend any deadline or replace one discovery request with another. Rather, Plaintiff's counsel claims to have "construed" the subpoena duces tecum to supercede Defendants' previous request for production.

### C. FULL DISCLOSURE

In his response, Plaintiff unqualifiedly claims to have produced at the deposition all the requested documents in his possession. (Doc. 54 ¶ 4.) Then, in the very next paragraph, Plaintiff admits that he did not provide all of the requested tax returns because some of them were not in his possession. *Id*. at ¶ 5. Plaintiff certifies that he has requested copies of those tax returns and will disclose them upon receipt. The Court accepts this offer and orders Plaintiff to so provide the tax returns.

These two paragraphs illustrate that Plaintiff's certification cannot be construed as certifying that all responsive documents within Plaintiff's possession, custody, or control have been produced. Plaintiff's statement obviously only

certified that he provided all documents within his literal, immediate possession, which is not the standard for disclosure under the Federal Rules of Civil Procedure. Furthermore, Defendants' First Request for Production asks Plaintiff to provide, among other things, the reasons and/or methods of disposition for documents that are no longer accessible by Plaintiff. Plaintiff has not complied with or objected to this portion of the request. Defendant's Motion to Compel Plaintiff to Respond to Defendants' Request for Production is, therefore, GRANTED.

## II.     DEPOSITION QUESTIONS

Plaintiff has not responded to Defendant's motion to compel answers to their deposition questions. Defendants' questions regarding whether Plaintiff was asked to resign from his previous teaching positions clearly relates to Plaintiff's competence as a teacher. Defendants allege that Plaintiff was fired from USD 261 because of his incompetence. Thus, Plaintiff's competence is relevant, at a minimum, to the issue of pretext.

Furthermore, D. Kan. Rule 7.4 provides that "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. Defendants' facially valid motion to compel answers to deposition questions is uncontested and, therefore, GRANTED.

**CONCLUSION**

Defendants are entitled to a full response to their First Request for Production of Documents. The Court orders Plaintiff to fully respond to that request with appropriate objections and a privilege log, if necessary. Of course, the Court does not order Plaintiff to re-disclose documents provided at Plaintiff's deposition. However, Plaintiff should specify which documents have already been disclosed in conjunction with the relevant requests. Plaintiff is further ordered to respond in writing to the **four** questions certified to the Court, which are contained in attachments A, B, C, and D to Defendants' Motion to Compel Plaintiff to Answer Deposition Questions. (Doc. 53). All responses addressed in this Order are due by **August 31, 2005**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 12th day of August, 2005.

    s/   Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge