IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VINCENT O. AWULONU, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 04-1263-WEB |
| UNIFIED SCHOOL DISTRICT 261, LUNA WEST, CODY SPARKS, and BECKY CEAZAR, | ) |
| Defendants. | ) |

ORDER

Pursuant to Rule 54(d)(1), Plaintiff has made a timely request for the Court to deny costs awarded to Defendants in the amount of $1,694.65. Fed. R. Civ. P. 54(d)(1) (Doc. 69). In a short and unsupported argument, Plaintiff claims USD 261 was a listed creditor and the other defendants were notified of Plaintiff's discharge by the bankruptcy court; hence, the award for costs has been discharged.

Defendants in turn argue that the costs assessed to Plaintiff are appropriate because Defendants West, Sparks and Ceazar were not listed in Plaintiff's bankruptcy schedules as creditors and the debt was incurred after the bankruptcy petition, on June 6, 2006. Plaintiff did not reply.

Rule 54(d)(1) states that "costs other than attorneys' fees *shall be allowed* as of course to the prevailing party unless the court otherwise directs..." Fed. R. Civ. P. 54 (d)(1) (emphasis added). The rule's language clearly "creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. International Broth. of Elec. Workers*, AFL-CIO, Local 2021, 69 F.3d 456,

458-159 (10th Cir. 1995). Consequently, "[t]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

Plaintiff has failed to meet this burden.  He has provided neither evidence showing his bankruptcy nor any law supporting his right to a discharge in the matter before this court.  D. Kan. R. 7.6 (briefs shall include relevant law and when applicable, exhibits).  Mere argument without supporting law and facts is insufficient to show he is entitled to relief.  Consequently, the Court denies Plaintiff's motion to reconsider the costs of this action.[1]  *Sorbo v. United Parcel Service,* 432 F.3d 1169, 1178-1179 (10th Cir. 2005) (award of costs under Rule 54(d)(1) rests within discretion of trial court).

IT IS THEREFORE ORDERED that Plaintiff's motion to reconsider costs (Doc. 70) be DENIED.

SO ORDERED this 13th day of July, 2006.

                                                    s/ Wesley E. Brown
                                                   Wesley E. Brown
                                                   U.S. Senior District Judge

---

[1] The Court notes that bankruptcy matters are generally addressed to the bankruptcy court.  D. Kan. R. 83.8.5 (all proceedings related to Title 11 are to be referred to the bankruptcy judges of this district); see also Fed. R. Bankr. P. 4007(b) (a case may be reopened to determine the dischargeability of a debt).